## Office of Disciplinary Counsel v. Fisher

Disciplinary Board Docket no. 24 D.B. 2001.

CURRAN, *Member,* April 28, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On May 14, 2002, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against Robert S. Fisher, respondent. The petition charged respondent with violations of the Rules of Disciplinary Enforcement based on his conviction of one count of insurance fraud, one count of forgery and one count of criminal conspiracy. Respondent filed an answer to the petition for discipline on June 6, 2002.

Disciplinary hearings were held on March 25, 2003 and May 5, 2003, before Hearing Committee 1.15 comprised of Chair Michael T. Scott, Esquire, and Members Howard J. Kaufman, Esquire, and Christopher R. Booth, Esquire. Respondent was represented by Samuel C. Stretton, Esquire.

The Hearing Committee filed a report on December 23, 2003, and recommended that respondent be suspended for a period of one year and one day.

Respondent filed a brief on exceptions on January 9, 2004. Respondent requested oral argument before a three-member panel of the Disciplinary Board.

Petitioner filed a brief opposing exceptions on January 29, 2004.

Oral argument was held on February 26, 2004, before a three-member panel of the Disciplinary Board chaired by Robert E.J. Curran, Esquire, with Members C. Eugene McLauglin and Laurence H. Brown, Esquire.

This matter was adjudicated by the board at the meeting of March 10, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid Rules of Disciplinary Enforcement.

(2) Respondent was born in 1963 and was admitted to practice law in the Commonwealth of Pennsylvania in 1988. Respondent's office for the practice of law is located at 1429 Walnut Street, Suite 800, Philadelphia PA 19102.

(3) Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(4) Respondent has no prior history of discipline.

(5) On December 2, 1992, respondent was convicted of one count of insurance fraud, one count of forgery, and one count of criminal conspiracy.

(6) On December 3, 1992, respondent filed a motion for new trial and/or arrest of judgment.

(7) On November 15, 1993, Judge Arthur Kafrissen granted respondent's motion for arrest of judgment but did not rule on respondent's motion for new trial.

(8) On December 15, 1993, the Commonwealth filed an appeal to the Superior Court of Pennsylvania.

(9) On May 4, 1995, the Superior Court reversed the lower court's order granting the motion for arrest of judgment and remanded for disposition of respondent's motion for new trial.

(10) On December 4, 1996, Judge Kafrissen granted respondent's motion for new trial.

(11) On January 3, 1997, the Commonwealth appealed the December 4, 1996 order to the Superior Court.

(12) On May 3, 1999, the Superior Court reversed the lower court's order and remanded for imposition of sentence.

(13) On August 5, 1999, a petition for allowance of appeal was filed with the Supreme Court of Pennsylvania.

(14) On December 29, 1999, the Supreme Court denied the petition.

(15) On August 22, 2000, Judge Kafrissen sentenced respondent on the forgery count to 200 hours of community service under the supervision of the Volunteers for the Indigent Program and to no further penalty on the insurance fraud and criminal conspiracy counts.

(16) On September 20, 2000, respondent appealed his conviction to the Superior Court of Pennsylvania.

(17) On January 7, 2002, the Superior Court affirmed respondent's conviction.

(18) On February 6, 2002, respondent filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.

(19) On May 2, 2002, the Supreme Court denied respondent's petition.

(20) Each of the crimes for which respondent was convicted was graded as a felony of the third degree, which is punishable by imprisonment of up to seven years.

(21) The circumstances giving rise to respondent's conviction began on August 7, 1991, when respondent and Mindy Goldsmith, his then girlfriend and now his wife, went to Frank Fendell's Appliances and requested that Mr. Fendell, an old family friend, create a backdated fraudulent receipt for Ms. Goldsmith, said receipt to represent the purported date of purchase, place of purchase and purchase price of a laptop computer that had been stolen from Ms. Goldsmith's car.

(22) It was respondent's idea to go to Mr. Fendell and request the false receipt.

(23) Ms. Goldsmith had not purchased her laptop computer at Frank Fendell's Appliances.

(24) Frank Fendell's Appliances did not sell the type of computer that Ms. Goldsmith owned.

(25) On or about August 8, 1991, Ms. Goldsmith faxed to White Hall Mutual Insurance an invoice dated February 14, 1990, from Frank Fendell's Appliances purportedly showing that Ms. Goldsmith had paid $3,500 plus tax for a laptop computer and modem.

(26) On November 21, 1991, respondent filed a complaint on behalf of Mindy Goldsmith against White Hall Mutual Insurance Company in the Court of Common Pleas of Philadelphia.

(27) Respondent signed the complaint, and the verification was signed by Ms. Goldsmith.

(28) On January 13, 1992, Attorney Harry Mahoney, counsel for defendant White Hall, filed and served on respondent a pleading entitled amended answer, new

matter, and counterclaim, wherein a fraud allegation based on the bogus receipt was raised.

(29) After being confronted with the fraud allegation by Mr. Mahoney, respondent, on January 23, 1992, filed an order to settle, discontinue and end in the Goldsmith matter.

(30) In return for filing the order, Mr. Mahoney agreed to withdraw White Hall's counterclaim, which alleged fraud, with prejudice.

(31) Respondent did not attach the fraudulent receipt to the complaint because he knew it was false and did not want to make matters worse.

(32) To date, respondent has not fulfilled his 200 hours of community service.

(33) Respondent contacted the office of the Volunteers for the Indigent Program by telephone to make arrangements to represent indigent people, but he never actually went in person to the office.

(34) Respondent stated that his back problems were part of the reason he never actually completed his required hours. He also believed from his conversations with the Volunteers that they were not interested in having an attorney convicted of fraud working at their office.

(35) Respondent indicated he wants to fulfill his service hours if the organization wants him to work at its office.

(36) Respondent showed remorse for his misconduct, admitting that his actions were wrong.

### III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rule of Disciplinary Enforcement:

(1) Respondent's conviction of forgery, insurance fraud and criminal conspiracy constitutes a per se ground for discipline pursuant to Pa.R.D.E. 203(b)(1).

## IV. DISCUSSION

This matter comes before the Disciplinary Board on a petition for discipline charging respondent with violation of Rule 203(b)(1) of the Pennsylvania Rules of Disciplinary Enforcement arising out of his conviction of forgery, insurance fraud and criminal conspiracy. Respondent engaged in fraud by procuring a backdated receipt for the purpose of supporting a property loss claim. Respondent's motivation for engaging in this fraud was to help his then girlfriend, now wife, in securing insurance monies for her stolen computer.

As with all disciplinary matters predicated on a criminal conviction, the sole issue to be resolved is the extent of discipline to be imposed on respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982). Consideration is to be given to any aggravating and mitigating factors. *Office of Disciplinary Counsel v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999).

The Hearing Committee recommended a suspension of one year and one day based on respondent's criminal conviction and his admitted failure to perform his court-imposed sentence of 200 hours of community service. The committee was very concerned by what it termed respondent's failure to exercise the expected degree of diligence in completing his community service sentence, particularly given the length of time between respondent's sentencing and the disciplinary hearing. The committee determined that respondent's failure to commence, let alone complete, his community service, coupled with the

nature of the underlying conviction, reflected negatively on his fitness as a lawyer and justified a suspension of one year and one day.

The record reflects that respondent did not fulfill his community service with the Volunteers for the Indigent Program. Respondent made some telephone calls to the VIP, but did not follow up to these calls. Respondent stated that his physical problems with his back inhibited him from completing the service, and he further stated that he did not get the feeling that VIP wanted a lawyer convicted of fraud to perform services on its behalf. While perhaps respondent's reasons may be viewed as weak, nevertheless the board perceives respondent's failure to complete his sentence of community service and any concomitant consequences of that failure as within the purview of the criminal court system. The board's responsibility is to mete out a disciplinary sanction consistent with the crime committed by respondent.

Respondent's criminal actions occurred in 1991. He was found guilty in 1992. Due to lengthy appellate proceedings, respondent was not sentenced until 2000, after which he elected to appeal his conviction to the Superior Court and the Supreme Court of Pennsylvania. The appellate process concluded in May of 2002. In the interim, respondent practiced law without incident and without disciplinary violation. Prior to the criminal misconduct, respondent had no history of disciplinary or criminal activity. The record is clear that this was an isolated, aberrational act of serious misconduct. Respondent acknowledged that he engaged in wrongdoing and has shown remorse for his actions.

Based on the totality of the circumstances, the board is persuaded that the appropriate sanction to address

respondent's criminal misconduct need not require him to engage in the reinstatement process.[1]

For these reasons, the board recommends that respondent be suspended for a period of one year.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Robert S. Fisher, be suspended from the practice of law for a period of one year.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Stewart, Teti, Rudnitsky, Saidis, Peck, Newman and O'Connor dissented and would recommend a one year and one day suspension.

Board Member Brown did not participate in the March 10, 2004 adjudication.

## ORDER

And now, July 29, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated April 28, 2004, the petition for review and response thereto, it is hereby ordered that Robert S. Fisher be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.

---

1. An attorney must file a petition for reinstatement if he or she is disbarred or suspended for more than one year.